IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KORY D. S.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 6:23-cv-00484-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Kory D. S. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff argues the Administrative Law Judge ("ALJ") erred by failing to account for all of Plaintiff's limitations in the hypothetical posed to the vocational expert and the residual functional capacity finding, and by rejecting Plaintiff's subjective symptom testimony. Pl.'s Br. 5, ECF No. 14.

    Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI on October 9, 2019, alleging disability since June 25, 2018. Tr. 14, 296–28.[2] The Social Security Administration initially denied his claims and again upon reconsideration. Tr. 178–83. On February 9, 2022, Plaintiff appeared by telephone before the Honorable Mark Triplett for a hearing on his claims. Tr. 37–72. The ALJ denied Plaintiff's claims by written decision on March 22, 2022. Tr. 11–36. Plaintiff sought review from the Appeals Council, which denied his appeal on January 31, 2023, and rendered the ALJ's decision final. Tr. 2–7. Plaintiff now seeks judicial review of the ALJ's decision. ECF No. 1.

Plaintiff has a "limited education" and past relevant work experience in a "composite job" incorporating "laborer" and "delivery" roles, and as an installer and a rip saw operator. Tr. 28–29. Plaintiff's disability claim is based on the severe impartments of shoulder degenerative joint disease, status-post clavicle fracture, osteoarthritis, and depressive disorder. Tr. 17. The ALJ found Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18–20. After formulating Plaintiff's residual functional capacity ("RFC"), the ALJ determined jobs existed in significant numbers in the national economy that Plaintiff could perform. Tr. 29–30. As a result, the ALJ found Plaintiff was not disabled under the Act since his alleged onset date. *Id.*

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner. ECF No. 7-1.

2 – OPINION AND ORDER

standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1998)).

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's RFC, age, education, and work experience. 20 C.F.R.§ 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.* If, however, the Commissioner shows that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54.

The ALJ found Plaintiff had the following severe impairments: shoulder degenerative joint disease, status-post clavicle fracture, osteoarthritis, and depressive disorder. Tr. 17. The ALJ found

3 – OPINION AND ORDER

Plaintiff had an RFC encompassing the following capabilities (Tr. 20):

> [T]o perform light work . . . except the claimant can never climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, and crouch, but occasionally crawl. The claimant can occasionally push/pull with the left, non-dominant upper extremity and can occasionally reach overhead with the left, non-dominant upper extremity. The claimant can perform simple, routine tasks consistent with a reasoning level of 1 or 2 and can tolerate occasional contact with the general-public.

On review, Plaintiff raises two issues (Pl.'s Br. 5):[3]

1. Whether the ALJ erred in rejecting Plaintiff's subjective symptom testimony.

2. Whether the ALJ erred at step five of the sequential evaluation by failing to account for all of Plaintiff's limitations in the hypothetical posed to the vocational expert ("VE") and in the RFC.

The ALJ did not commit reversible error as to either issue raised by Plaintiff. The Commissioner's decision is AFFIRMED.

**I.    Subjective Symptom Testimony**

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ determines, "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). "[T]he ALJ can reject the claimant's testimony about the severity of [their] symptoms *only* by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1015 (emphasis added). Clear and convincing reasons

---

[3] For the sake of the Court's analysis, the numbering of the issues presented has been altered.

"identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). However, the Ninth Circuit does not require an ALJ to "perform a line-by-line exegesis of the claimant's testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). And the Court "will not fault the agency merely for explaining its decision with 'less than ideal clarity.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quoting *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Plaintiff argues the ALJ insufficiently linked evidence from the record to his testimony and discounted his testimony based only on generalized findings and a summary of the medical evidence. Pl.'s Br. 9–11. As Plaintiff correctly recognizes, a summary of medical and other evidence "is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter*, 806 F.3d at 494. And an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence," as opposed to contradicted by it. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). However, Plaintiff is mistaken about the contents of the ALJ decision.

The ALJ provided multiple clear and convincing reasons for discounting Plaintiff's testimony in this case. The ALJ pointed to evidence of Plaintiff's improvement with treatment. Tr. 21–23. An ALJ may discount a claimant's subjective testimony when the record shows they responded favorably to treatment, including medication. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). For instance, the ALJ noted that following clavicle surgery in 2018, Plaintiff reported no pain, had full range of motion, his provider did not recommend activity restrictions, and an X-ray taken three-months after surgery showed Plaintiff's clavicle was well-aligned with no evidence of complication. Tr. 21–22; *e.g.*, Tr. 433–34, 436. The ALJ also acknowledged

5 – OPINION AND ORDER

Plaintiff responded favorably to treatment for joint and hip pain in 2018 without side effects. Tr. 21; *e.g.*, Tr. 487, 490, 497–98. Tellingly, the ALJ noted Plaintiff's pain returned when he went off medication. Tr. 22; *e.g.*, Tr. 1068–69, 1081–82. Plaintiff's mental condition also improved amid treatment. Tr. 24–25; *e.g.*, Tr. 571. Further, the ALJ identified gaps and failures to follow up in Plaintiff's treatment records. An ALJ may also discount a claimant's subjective testimony based on conservative care, as evidenced by a claimant's "failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti*, 533 F.3d at 1039. Medical records identified by the ALJ indicate Plaintiff did not seek recommended follow-up care after treatment of his left clavicle. Tr. 22; *e.g.*, Tr. 435. And despite reporting join pain and depression in July 2019, "the evidence of record is then devoid of treatment records regarding physical issues until August of 2021." Tr. 22; *e.g.*, Tr. 499.

Despite misstating the standard regarding medical evidence *inconsistent* with the record, through identifying evidence of improvement with treatment and conservative care, the ALJ "show[ed] his work" with "specific, clear, and convincing examples" supported by substantial evidence to discount Plaintiff's subjective symptom testimony. *Smartt*, 53 F.4th 499; *see Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, [a reviewing court] must uphold it if the agency's path may reasonably be discerned." (quotation marks omitted)).

## II.     VE Hypothetical and RFC at Step Five

Plaintiff argues the ALJ failed to adequately account for all of Plaintiff's limitations in the hypothetical posed to the VE, resulting in an RFC that exceeded those limitations. Pl.'s Br. 5–7. At step five, the ALJ translates medical opinions into concrete restrictions to formulate the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). In doing so, the "ALJ is not free to disregard properly supported limitations" when posing hypotheticals to the VE to inform the

6 – OPINION AND ORDER

RFC. *Robbins*, 466 F.3d at 886. Here, Plaintiff asserts two medical sources, Dr. Susan South and Dr. Scott Kaper, opined Plaintiff would require an "understanding supervisor" to sustain employment. Tr. 26, 91–92, 132–35. Despite evaluating the opinions as persuasive, the ALJ did not include a need for an "understanding supervisor" in hypotheticals posed to the VE or in RFC. Plaintiff argues the ALJ therefore erred by implicitly rejecting a portion of the otherwise persuasive opinions without explanation, and by failing to adequately account for all of Plaintiff's limitations in the VE hypothetical and RFC. Pl.'s Br. 7.

Even assuming the ALJ erred, such error is harmless. An error is harmless only if it is "inconsequential to the ultimate nondisability determination," *Molina,* 674 F.3d at 1115 (citation and internal quotation marks omitted), or, if despite the legal error, "the agency's path may reasonably be discerned," *Treichler*, 775 F.3d at 1099 (citation and internal quotation marks omitted). Though Plaintiff rightfully points out the ALJ never explicitly rejected the opinions calling for an understanding supervisor, a restriction for an "understanding supervisor" is nevertheless not a workable restriction that can be incorporated into an RFC.[4] *Patricia T. v. Comm'r of Soc. Sec.*, 2018 WL 4610053, at *4 (D. Or. Sept. 25, 2018) ("The need for an 'understanding supervisor' is not a proper functional assessment of a work limitation. It is simply too vague and unquantifiable to incorporate into the claimant's RFC or into a VE hypothetical."), *aff'd sub nom., Thomas v. Saul*, 796 F. App'x 923, 925–26 (9th Cir. 2019) (citing *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988)) (affirming determination a claimant's need for an "understanding supervisor" was not a proper limitation that could be incorporated into RFC or VE hypothetical, nor did it appear to represent a "reasonable accommodation"); *Jackson v. Colvin*, 2014 WL 5148438, at *8 (D. Or. Oct. 14, 2014) ("There is no way to tell what type of understanding the

---

[4] The VE recognized as much in this case, stating "there's no way to tell if [a supervisor is] going to be understanding, sympathetic, overly helpful" in a competitive work setting, and "you just get the supervisor you get." Tr. 70.

7 – OPINION AND ORDER

supervisor would need to possess. Thus, the ALJ did not err by failing to address the statement."); *Garifalakis v. Berryhill*, 2017 WL 2608542, at *10 (D. Or. June 15, 2017) ("[T]he 'understanding supervisor' comment . . . . [is] ill-suited to the inherently quantitative analysis in the assessment of a claimant's RFC as well as to the analysis at Step Five of the sequential evaluation."). Accordingly, any error identified by Plaintiff here could not have changed the RFC and is therefore inconsequential to the ALJ's ultimate determination Plaintiff is not disabled.

To be sure, in *Rachel H. v. Saul*, this Court remanded with instructions for the ALJ to explain why he implicitly rejected the medical opinions calling for an "understanding supervisor." 2020 WL 954969, at *11 (D. Or. Feb. 27, 2020). However, the *Rachel H.* court did not conduct a harmless error analysis on this issue, having already found other harmful errors necessitating further factual development on remand. *Id.* at *8–9. Meanwhile, having identified no reversible error here, caselaw persuades the Court that, even if the ALJ erred by rejecting the medical opinions calling for an "understanding supervisor" without explanation, this error was harmless because this restriction is not appropriate for the RFC. *E.g.*, *Jackson*, 2014 WL 5148438, at *8.

## CONCLUSION

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 9th day of March, 2026.

                                                s/ Michael J. McShane
                                                Michael J. McShane
                                                United States District Judge